# APPENDIX.

## NO. 1.

NAHUM T. HILL, relator in petition for mandamus, *vs.* EDWARD H. GOVE, Secretary of State.

### ANDREW R. G. SMITH, *vs.* Same.

This case was heard at *nisi prius* only, and consequently not strictly in place here; but on account of its novelty, importance, and the great interest manifested during its procedure; from the soundness and salutary effect of the opinion, it is deemed worthy of preservation by insertion here—especially as the volume will lose nothing thereby, having otherwise its full and usual number of pages. I regret that it is impracticable to give even an abstract of the elaborate briefs of the learned counsel who appeared in the case. REPORTER.

*To the Honorable Justices of the Supreme Judicial Court of Maine, now held at Fryeburg, in and for the county of Oxford, on the first Tuesday of December,* 1879.

Andrew R. G. Smith, of Whitefield, in the county of Lincoln, relator, in behalf of the state of Maine, respectfully represents and informs this honorable court that at the last annual September election he was a candidate for election to the senate of Maine for the 59th legislature, from the district and county of Lincoln; that he received a plurality of all the votes cast for senator at said election in said district, as will fully appear by the official returns made to the office of the secretary of state from the several cities, towns and plantations in said district; that he is fairly elected to said office, and entitled to a certificate of such election from the governor and council; that he is informed and believes, and has good reason to believe that said governor and council reject some of the returns that are in favor of your relator, and issue a certificate of election to a person who received only a minority of the votes cast and returned, and thus deprive your relator of the office to which he was fairly elected, by reason of

some slight errors, defects or informalities in said returns, which he has a legal right to correct by virtue of the statutes of the state, and could correct, if he could ascertain what those defects, errors or informalities are, by an examination of said returns.

Your relator further shows and informs this honorable court, that on the seventeenth day of November, 1879, the governor and council passed a vote that the returns were opened on that day, and that the twenty days allowed by statute in which to make an application in writing to them for the correction of any errors, defects or informalities in said returns, or to show that the returns, and the records of the towns from which they came do not agree and to show which are correct, would begin to run from that day; and on the same day the committee on the part of said council appointed to open and tabulate said returns, made a report to the governor and council and submitted said returns and the tabulation thereof as a part of their report, and that report was duly accepted by the council, and by the governor approved and spread upon the records of the governor and council, and thereby said report, record and returns became public property and open to your relator as a citizen and a senator claiming his election.

.And your relator further shows and informs this honorable court, that on the second day of December, 1879, he made a request, in writing to said secretary of state, Edward H. Gove, who is the legal custodian of said official returns, to permit him or his counsel to examine the returns from said district in the office of said secretary of state, or in his presence, in order to ascertain what errors, defects or informalities, or discrepancies between the returns and the records, if any, might exist, and in order that he might prepare the application in writing required by the statute, and state therein the errors alleged as the statute requires him to do, and for all other purposes contemplated by the constitution; but said secretary of state refused to allow such an examination, or any examination, and still persists in refusing, thereby depriving your relator of his legal rights to see and examine a public record of this state, and of all means of correcting said discrepancies, errors, defects and informalities in said returns, if any should be found, and of his legal right to make such correction,

or to make the application for that purpose, and state the errors alleged, as the law requires him to do.

Wherefore your relator prays that a writ of mandamus may issue from this honorable court to said Edward H. Gove, of Augusta, in the county of Kennebec, secretary of state, and the legal custodian of said returns, commanding him to permit your relator by himself and his counsel, or either, to have immediate access to said returns, and to examine the same at a suitable time and place and in a suitable manner for the purpose of exercising the rights, and complying with the requirements provided by the laws as hereinbefore set forth, and that a rule of court may issue to said respondent, commanding him to appear before said court, at Fryeburg, in the county of Oxford, on the 9th day of December, 1879, being the seventh day of said December term, and show cause, if any he has why the prayer of said petitioner should not be granted, and a writ of mandamus issue as prayed for.

(Sworn to, and signed,)                    ANDREW R. G. SMITH.

SUPREME JUDICIAL COURT,—OXFORD COUNTY,—

December Term, 1879.

*Ordered,*    That notice of this petition be given to Edward H. Gove, of Augusta, in the county of Kennebec, by giving him in hand a true and attested copy of this petition and order of notice two days before the 9th day of December, 1879, that he may appear at the supreme judicial court, now in session at Fryeburg in and for the county of Oxford, and show cause, if any he has, why the prayer of said petition should not be granted and a writ of mandamus issue as prayed for.

(Signed,)                    WM. WIRT VIRGIN,
                             *Justice Sup. Jud. Court.*

ANDREW R. G. SMITH, relator in petition for mandamus, *vs.*
EDWARD H. GOVE, secretary of state.

I, Andrew R. G. Smith, of Whitefield, in the county of Lincoln, on oath depose and say :

That I am the relator in Andrew R. G. Smith, petitioner for mandamus against Edward H. Gove, secretary of state, that I am informed and believe that I was duly elected senator to the 59th legislature of Maine from the district and county of Lincoln, and

as such am entitled to a proper certificate of election ; that I have reason to apprehend, and do apprehend that such certificate of election will be denied me by the governor and council, on the ground of some slight errors, defects or informalities in the official returns, which by the laws of this state I have the right to correct by the record ; that I desire to make application for that purpose to the governor and council, and specify the nature of the errors, if any, within the twenty days limited by statute, and to that end on the second day of December, 1879, I made application in writing to the secretary of state to be allowed to examine the returns from said Lincoln county, in his office, or in his presence ; that he refused to show me any returns or allow me access to any, and I did not see, and never have seen any of said returns, but have been denied access to them up to this day.

(Sworn to and signed,)        ANDREW R. G. SMITH.

ANSWER. The respondent above named respectfully protests against any further proceedings by this honorable court upon the foregoing petition, because, as he says, in respect to all the matters set forth therein, so far as he has any connection therewith, by the constitution and laws of this state, he is merely the political and confidential agent and servant of the governor and council of the state, and organ of executive will, and has no volition or power to act independently thereof; and he therefore respectfully submits that he ought not to be held to answer said petition.

Without waiving his protest aforesaid, the respondent for answer says :

I. That he has no knowledge, information or belief whether the petitioner was a candidate, and fairly elected to the senate of the state, or whether the same appears by the official returns from the several cities and towns in the district and county of Lincoln as he alleges in said petition.

II. That he admits that on the 17th day of November, 1879, the committee on the part of the council appointed to receive the returns on file in the office of secretary of state, and proceed to open and tabulate the same as soon as convenient in accordance with the vote passed by the council, October 30, 1879, as follows, viz :

In Council, }
Thursday, Oct. 30, 1879. }

On motion of councillor Chase, councillors Foster and Brown were added to the committee on elections, and said committee was instructed to receive the returns on file in the office of secretary of state, and proceed to open and tabulate the same as soon as convenient.

ATTEST:

P. A. SAWYER, *Deputy Secretary of State.*

made a report as follows, viz:

STATE OF MAINE, COUNCIL CHAMBER, }
Augusta, Nov. 17, 1879. }

The committee on election returns, to whom were committed the election returns at the last session of the council respectfully report, that on the 31st day of October they received from the secretary of state the election returns for senators and representatives to the legislature and county officers, and they proceeded to open the same and tabulate them, and now submit the *tabulation* of said returns.

And the committee recommend that the twenty days spoken of in chapter 212, of the laws of 1877, be considered as commencing at the date of this report.

Respectfully submitted,

E. C. MOODY, *Chairman.*

In Council, Nov. 17, 1879.

Read and accepted by the council, and by the governor approved.

ATTEST:

P. A. SAWYER, *Deputy Secretary of State.*

which was accepted by the governor and council; and he says that he has no knowledge of any vote passed by the governor and council respecting the same on the 17th day of November, but admits that on the 22d day of November, 1879, an order was passed relating to the same, as follows, viz:

In Council, }
November 22, 1879. }

*Ordered,* That the secretary give public notice that the governor and council will be in session from December 1st to 13th, for the

purpose of examining the official returns of votes for candidates for senators, representatives and county officers.

Candidates claiming irregularities or other causes presumed to vitiate their election will have reasonable opportunity to be heard either personally or by duly authorized counsel.

Read and accepted by the council, and by the governor approved.

ATTEST :

P. A. SAWYER, *Deputy Secretary of State.*

III. That the respondent has no knowledge, information or belief that said committee has at any time made a report to the governor and council, submitting said returns to them, and he says that the only report of which he has knowledge is the one before set forth, in which the tabulation of said returns by the committee only was submitted; and he denies that by virtue of said report, or in any other method said returns have been spread upon the records of the governor and council, and thereby became public property and open to the petitioner, otherwise than by the order or permission of the governor and council in the exercise of their discretion, on application duly made to them.

IV. That, he admits that on the second day of December, 1879, the petitioner made a request to him in writing, as follows, viz:

*To the Honorable Secretary of State of Maine :*

The undersigned respectfully represents that he was a candidate for the senate of Maine at the last annual September election from the district and county of Lincoln. That as such he has an interest in the official returns of votes cast in the several cities, towns and plantations in said district, and forwarded to the office of secretary of state, and fearing that there may be defects and informalities in the same that can be corrected according to the laws of the state, requests that he may have an opportunity, immediately, in the office of secretary of state, or in his presence, to examine said returns by himself or counsel, for the purpose of correcting any defects or informalities that may be found therein—as is his right under the laws of this state—and for all other purposes contemplated by the constitution.

ANDREW R. G. SMITH.

Augusta, Maine, Dec. 1, 1879.

But he denies that he was at that time, is now or ever since the said second day of December has been the legal custodian of said official returns; and he further denies that he refused to allow such an examination as was requested by the petitioner, or any examination, and that he still persists in so refusing, or that he has deprived the petitioner of any supposed legal right which he may have to see and examine said returns; and he says that upon the making of said application to him, he informed the petitioner that the returns set forth in his request were not in the respondent's possession, and that he had no authority or control over them, and that if the petitioner desired to see them he must make his application to the governor and council in whose possession they were.

V. And the respondent further answering says, that on the thirty-first day of October, 1879, he delivered the returns in the petition mentioned, to the committee of the executive council, in accordance with the requirements of the vote of the council hereinbefore set forth, dated October 30, 1879; that said returns were then sealed, the seals thereof never having been broken since they were received at the office of secretary of state; and that since he delivered said returns to said committee, no one of them has ever been in the custody, or possession, or under the authority or control of the respondent, and that he has never had it in his power to exhibit said returns or any part of them to the petitioner or any other person.

Wherefore the respondent prays that he may be hence dismissed and for his costs.

(Sworn to and signed,) E. H. GOVE.

*O. D. Baker,* for the petitioners.

*A. P. Gould,* for the respondents.

OPINION OF VIRGIN, J. The conclusion is clear that under the statutes at present existing, the relators, having the interest set forth in the petitions, might legally claim a reasonable opportunity to inspect the official returns of votes from the several cities, towns and plantations in their respective districts. They had a legal right, under reasonable regulations, to see them, after they were opened for examination by the governor and council. Upon the constitutionality in all respects of the statutes, touching this ques-

tion, the court does not undertake in the present proceeding, to pass; but is of the opinion and rules that under the constitution itself, independently of the statutes, the same right of inspection by the relators exists.

The court further holds that the respondent, as secretary of state, is the legal custodian of these official returns, as of other records of the state, responsible for their safe keeping and bound to exhibit them at all proper times to those whose interest is such as to justify an examination by them.

But while it is not doubted that the right of public inspection exists to the extent indicated, and may be asserted and enforced against the respondent if he without cause refuse to exhibit them upon demand therefor properly made, it is one of the requirements of the constitution that the governor and council shall examine all these returns within a comparatively limited period and shall issue summons to such persons as shall appear to be elected. The duty to examine them necessarily includes the right of possession of them for such time as is required to complete the examination. The respondent could not lawfully assert against the governor and council such a right of possession as in their judgment would be inconsistent with the performance of the duty devolved upon them by the constitution. When then, the right of public inspection comes in collision with the necessary possession of the returns by the executive body appointed to examine them, the respondent cannot be in fault if the former yields and the latter prevails.

Upon the question whether at any particular time while the governor and council are engaged in examining the returns, or under the circumstances then existing, it is reasonable for them to be open to the inspection of others or not, the court will not undertake to pass. It would be impracticable for the court, by process directed to the respondent to attempt to control the action of the governor and council in this respect. Nor is it a matter over which the court exercises a superintending authority.

While engaged in examining the returns, the governor and council act in an executive capacity; upon the responsibility of their official station and the sanctity of their official oaths. They are the final depositories of trust and power from the people in regard to it. What limitations upon the rights of others the per-

formance of their own duties necessarily imposes, they must determine. It has long been the established law of the state that, in any matter intrusted to them, the discretion of the court cannot be substituted for theirs; that their action, within the sphere of their executive duty in affairs submitted to their own judgment, cannot be controlled by judicial process. They are in these respects a co-ordinate branch of the government, over which this court does not preside.

If a mandate were to issue, directing the respondent to exhibit the returns to the relators, there must still be a reservation in the decree itself of the right of the governor and council to hold them exclusively whenever the fulfilment of a constitutional obligation on their part imperatively demands it. The mandate, therefore, if issued, would in terms recognize their responsible discretion in the premises.

From the answer in the cause, it appears that, when the relators demanded of the respondent the production of the returns they were in the possession of the governor and council, the time for their examination not having expired. The law accorded to the relators the right to see the returns, whenever an opportunity could be afforded them consistently with the performance of the duty devolved upon the executive department; but it left the governor and council acting under the obligations and responsibilities of their high office, the final judges of what the discharge of their own duty necessarily required; and whether, at any particular time, or under any special circumstances, there was in fact a necessity to detain them from the relators, whose right to see them whenever it did not unreasonably interfere with the performance of the official duty on the part of the governor and council, was clear.

*Petition dismissed.*
*Writ denied.*